UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KEVIN ESTEVEN ORTIZ NAVARRO,

        Petitioner,

v.

KEVIN RAYCRAFT et al.,

        Respondents.

_____/

Case No. 1:26-cv-947

Honorable Jane M. Beckering

## **<u>OPINION</u>**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently

detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated

this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

(Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

### I.      **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current

detention following an order issued by the Detroit Immigration Court denying him bond, and asks

the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or

provide Petitioner with a constitutionally adequate bond hearing. (Pet., ECF No. 1, PageID.3.)[1]

---

[1] Petitioner has also filed an emergency motion for immediate release (ECF No. 3), an emergency motion for temporary restraining order and preliminary injunction (ECF No. 5), and an emergency motion to expedite review of habeas petition (ECF No. 6). Because the Court fill deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice as set forth herein, Petitioner's pending motions are moot.

In an order entered on March 30, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 9.) Respondents filed their response and a recording of the February 26, 2026, bond hearing on April 2, 2026. (Resp., ECF No. 12; Recording of Feb. 26, 2026, Bond Hearing, filed on Apr. 2, 2026.) Petitioner filed his reply on April 17, 2026, (ECF No. 13).

## II.      Relevant Factual Background

Petitioner is a citizen of Columbia who entered the United States in 2019. (Notice to Appear (NTA), ECF No. 10-1, PageID.43.) On November 27, 2025, Petitioner was arrested by ICE agents. Op., *Ortiz Navarro v. Unknown Party #1* (*Ortiz Navarro I*), 1:26-cv-275 (W.D. Mich. Feb. 19, 2026) (ECF No. 10).

On January 26, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Ortiz Navarro I*. In *Ortiz Navarro I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Ortiz Navarro I*, (W.D. Mich. Feb. 19, 2026) (ECF No. 10, 12).

On February 27, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.2; Immigration Judge Order, ECF No. 10-3, PageID.50.) At the conclusion of that hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "Flight risk." (Immigration Judge Order, ECF No. 10-3, PageID.52.)

### III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.    Discussion

In this case, Petitioner had a bond hearing pursuant to 8 U.S.C. § 1226 in the Detroit Immigration Court on February 26, 2026. (Immigration Judge Order, ECF No. 10-3, PageID.52.) The Detroit Immigration Court denied Petitioner's request for a bond, concluding that Petitioner is a "Flight risk." (*Id.*) In his § 2241 petition, Petitioner challenges the findings of the Detroit Immigration Court as related to the denial of his bond, arguing that "[t]he Immigration Judge denied bond based on a generalized finding that Petitioner allegedly posed a risk of flight, despite the absence of sufficient evidence supporting that conclusion. (Pet., ECF No. 1, PageID.2.) Respondents argue, *inter alia*, that the Court should dismiss Petitioner's petition because Petitioner has not exhausted his administrative remedies. (Resp., ECF No. 10, PageID.36.)

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see, e.g.*, *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D.

3

Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo*, 646 F.3d at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA"). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, although Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner's specific claims involve challenges to the immigration judge's factual determinations in the bond decision. Petitioner does not argue that the procedures of the bond hearing itself violated the Due Process Clause of the Fifth Amendment. Under these circumstances, the issues raised in the present § 2241 petition are issues that must first be raised to the BIA. Therefore, Petitioner has not exhausted his administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.

**<u>Conclusion</u>**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:    April 20, 2026            /s/ Jane M. Beckering
                                    Jane M. Beckering
                                    United States District Judge